UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN SHIPPING LIMITED,

              Plaintiff,

   - against -

C& MERCHANT MARINE CO. LTD., et al.,

             Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/09

08 Civ. 7827 (JGK)

**MEMORANDUM OPINION AND ORDER**

JOHN G. KOELTL, District Judge:

    The plaintiff, Dawn Shipping Limited, obtained an Order of Maritime Attachment and Garnishment against the defendants on September 10, 2008, based on Electronic Fund Transfers (EFTs) passing through intermediary banks in this District. On July 17, 2009, a default judgment was entered against the defendants, who have failed to appear in this case.

    On October 20, 2009, this Court issued an Order for the plaintiff to show cause why the maritime attachment should not be vacated and this case dismissed without prejudice pursuant to Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., No. 08 2477 Civ., 2009 WL 3319675, at *11 (2d Cir. Oct. 16, 2009). The plaintiff responded (1) that the funds are no longer EFTs and, thus, not subject to Jaldhi because they are being held by garnishee banks and (2) that it would be inequitable to vacate the attachment and to void the default judgment on the Court's own motion.

First, the fact that the funds are no longer in transit does not remove this case from the scope of Jaldhi. The fact remains that there was no property of the defendants that could have been attached in the first instance. No alchemy by the banks transformed EFTs that cannot be attached into property of the defendants that can be attached.

Second, this Court has the authority to vacate its original default judgment, to vacate the maritime attachment, and to dismiss this case without prejudice on its own motion. See Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 111 (2d Cir. 2001) (finding no error in court's vacating judgment based on lack of personal jurisdiction on its own motion). Pursuant to Rule 60(b)(6), the Court can grant relief from a judgment for "any . . . reason that justifies relief," and "nothing forbids the court" from doing so on its own motion. Id. When a default judgment is sought, the Court has an affirmative duty to assure itself that it has jurisdiction over the parties. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). A judgment entered without personal jurisdiction over the parties is void. Id. In this case, the Court's jurisdiction to issue the default judgment was based on EFTs passing through this district; a basis that Jaldhi now teaches was in error. In response to the Court's Order to show cause why the attachment should not be vacated and this case should not be dismissed, the plaintiff made no showing of

2

why this Court has jurisdiction over the defendants or why the default judgment was valid. The plaintiff asks the Court to ignore that there is no personal jurisdiction and rely on the existence of the default judgment. But that judgment is void in the absence of personal jurisdiction and the plaintiff is asking the Court to sanction the enforcement of a judgment that is plainly void. The Court will not do that. Therefore, the default judgment and attachment should be vacated and the case dismissed without prejudice.

In its original affidavit, the plaintiff also offered other arguments on which it presumably does not rely now, including that Jaldhi should not applied retroactively and that originator EFTs may be a basis of attachment. These arguments have been resolved against the plaintiff's position by the Court of Appeals for the Second Circuit's decision in Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09 2128 Civ., 2009 WL 3790654, at *2 (2d Cir. Nov. 13, 2009).

For the reasons stated above, the maritime attachment in this case is **vacated** and the attached funds should be returned. The Clerk is directed to vacate the attachment, to **dismiss** the Complaint **without prejudice** and to close this case.

SO ORDERED.

Dated:   New York, New York
         December 9, 2009

John G. Koeltl
United States District Judge

3